UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM KLERONOMOS,<br><br>**Plaintiff,**<br><br>v.<br><br>AIM TRANSFER & STORAGE INC., and WILLIAM T. SACKMASTER,<br><br>**Defendants.** | No. 19 C 01844<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION & ORDER

Plaintiff William Kleronomos sued Defendants Aim Transfer & Storage Inc. ("Aim") and William Sackmaster for injuries arising out of a vehicle accident. Plaintiff brought suit for negligence (Count I) and vicarious liability (Count II). Several years after the suit was first filed, Plaintiff amended his complaint, seeking punitive damages for alleged willful and wanton conduct related to Aim's employment relationship with Sackmaster. Those counts are willful and wanton hiring (Count III), willful and wanton entrustment (Count IV), and willful and wanton retention (Count V). (Dkt. 100). Aim moves to dismiss on statute of limitations grounds. (Dkt. 123). For the reasons set forth below, Aim's motion to dismiss [123] is denied.

## BACKGROUND

Plaintiff Kleronomos is an Illinois citizen. Defendant Aim is a Wisconsin trucking company, and Defendant Sackmaster is a Wisconsin citizen. At some point

before March 6, 2014, Aim hired Sackmaster as a truck driver. (Dkt. 100, ¶ 3). On March 6, 2014, while Sackmaster was driving a truck as part of his employment with Aim, Sackmaster and Kleronomos were involved in a vehicle accident in Chicago, Illinois. (*Id.* at ¶¶ 8, 15). Kleronomos suffered extensive injuries. (*Id.* at ¶ 16).

On March 2, 2016, Plaintiff filed a personal injury lawsuit against Aim and Sackmaster in Illinois state court. (Dkt. 123, Ex. A). In the state court complaint, Plaintiff alleged general negligence against Aim and Sackmaster as its agent. (*Id.*). On February 19, 2019, Plaintiff voluntarily dismissed his state court case pursuant to Illinois statute 735 ILCS 5/2-1009. (Dkt. 123, Ex. B). Plaintiff refiled his state court case on February 20, 2019. (Dkt. 123, Ex. C). Defendant then removed the case to this Court on March 15, 2019, asserting diversity jurisdiction. (Dkt. 1). On April 9, 2019, Plaintiff filed his First Amended Complaint. (Dkt. 15). The Amended Complaint added a third count for willful and wanton conduct arising out of Aim's employment relationship with Sackmaster. Several months later, on October 15, 2019, Plaintiff Amended Count III in a Second Amended Complaint to seek punitive damages. (Dkt. 53).

Finally, On December 31, 2019, Plaintiff filed a Third Amended Complaint asserting three separate willful and wanton counts: willful and wanton hiring (Count III), willful and wanton entrustment (Count IV), and willful and wanton retention (Count V). (Dkt. 100). In those Counts, Plaintiff alleges that Aim knew Sackmaster was unfit to drive a truck commercially based on evaluations and reviews from former employers, the fact that Sackmaster had failed multiple drug tests while on duty with

Aim, Sackmaster had several "at fault" automobile accidents while working for Aim, had been terminated by Aim for chronic drug use and then rehired in violation of Aim's own policies, and had repeatedly "'blacked out on the road' and experienced a 'loss of consciousness behind the wheel….'" (Dkt. 100, Count IV ¶ 16 and Count V ¶ 16).

Before the Court is Aim's motion to dismiss Count III, Count IV, and Count V as time-barred. (Dkt. 123).

## **LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)). In applying this standard, the Court accepts all well-pleaded facts as true and draws all

reasonable inference in favor of the non-moving party. *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2012).

## DISCUSSION

**1) Choice of Law**

A federal court sitting in diversity applies state law. *West Side Salvage, Inc. v. RSUI Indemnity Co.*, 878 F.3d 219, 223 (7th Cir. 2017). Aim haphazardly cites to both Wisconsin and Illinois law, without clearly arguing why Wisconsin law should apply to this case. The only arguments provided by Aim are found in a single footnote in its reply brief, in which Aim appears to concede that Illinois law applies to Counts I and II, but states that Wisconsin law applies to Counts III, IV, and V because Wisconsin has the most significant relationship to the employment relationship. (Dkt. 135, fn. 3).[1] Plaintiff argues that Aim has failed to demonstrate a conflict warranting a choice of law analysis. (Dkt. 140).

"A district court is required to engage in a choice of law analysis only 'if there is a conflict between Illinois law and the law of another state such that a difference in law will make a difference in the outcome.'" *Board of Forensic Document Examiners, Inc. v. American Bar Assoc.*, 922 F.3d 827, 831 (7th Cir. 2019) (citing *West Side Salvage*, 878 F.3d at 223). It is incumbent on Aim, "as the party seeking a choice of law determination, to 'establish the existence of an outcome-determinative conflict.'"

---

[1] Plaintiff's motion to file a sur-reply protests that Aim has "engaged in gamesmanship" with its choice of law arguments. (Dkt. 140). Aim had previously filed a choice of law motion, but withdrew that motion the day after Plaintiff filed his response brief. (Dkt. 125; Dkt. 132). Plaintiff's further note that Aim's first motion to dismiss (Dkt. 116), since withdrawn, contained a choice of law section—a section conspicuously absent from the current motion. Then, in Aim's reply brief, Aim exclusively relies on Wisconsin law. However, in the current briefing before the Court, Aim merely cites to both Wisconsin and Illinois law at whim, with the only *arguments* appearing in a single footnote. (Dkt. 135, fn. 3).

4

*Id*. Aim has failed to do so. Aim has identified that the relevant statute of limitations period in Illinois and Wisconsin is different—two years and three years, respectively—but Aim asserts that either limitations period should lead to the same result. Thus, Aim has not identified a conflict. Additionally, Aim has not demonstrated any conflicts regarding the substantive law, such as application of the statute of limitations, the states' respective relation-back doctrines, or the underlying, substantive employment claims. Because Aim has not met its burden, the Court applies the law of the forum state, Illinois. *Id.* ("If the party fails to establish the existence of [ ] a conflict, the court applies the law of the forum state.").

**2) Statute of Limitations**

Aim moves to dismiss Counts III, IV, and V as time barred. In Illinois, the relevant limitations period is two years. 735 ILCS 5/13-201; (Dkt. 135, fn. 1). The limitations period began to run on March 6, 2014, when the accident occurred. *See State Farm Fire & Cas. Co. v. John J. Rickhoff Sheet Metal Co.*, 914 N.E.2d 577, 593 (Ill.App. 2009) (tort cause of action generally accrues at the time of injury). The two year limitations period expired, therefore, on March 6, 2016. However, Plaintiff did not add the willful and wanton conduct claims until April 9, 2019, over five years after the March 6, 2014 accident. Plaintiff's state law claims are barred unless they can be saved through application of either the relation-back rule of Fed. R. Civ. P.

5

15(c),[2] or equitable tolling, *see, e.g., Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 561-62 (7th Cir. 1996).[3]

Federal Rule of Civil Procedure 15(c)(1)(A) provides that an amendment to a pleading relates back to the date of the original pleadings when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). The Rules Advisory Committee added Rule 15(c)(1)(A) to "make…clear that [Rule 15] does not apply to preclude any relation back that may be permitted under the applicable limitations law." Fed. R. Civ. P. 15, Advisory Comm. Notes 1991. Here, the applicable limitations law is Illinois law. Section 2-616(b) of the Illinois Civil Procedure Code codifies a rule for relation back of newly asserted claims that is essentially the same as the federal rule. *See Henderson v. Bolanda*, 253 F.3d 928, 933 (7th Cir. 2001). The Rules Advisory Committee directs court to look to the "controlling body of limitations law"—not merely the legal test for relation back. Fed. R. Civ. P. 15, Advisory Committee Notes 1991. "[I]f that law affords a more forgiving principle of relation back than the one provided in [the federal] rule, it should be available to save the claim." *Id*.

---

[2] The Federal Rules of Civil Procedure govern whether the amendment of a complaint relates back to the original complaint, even if jurisdiction is based on diversity of citizenship. *See White v. City of Chicago*, No. 14 C 3720, 2016 WL 4270152, at *11 fn. 18 (N.D. Ill. Aug. 15, 2016) (citing *Household Commercial Fin. Servs., Inc. v. Trump*, 863 F.Supp. 735, 741 (N.D. Ill. 1994)).

[3] Both parties' arguments regarding the statute of limitations are unclear, underdeveloped, and light on legal citations. It is not the role of the Court to conduct research and construct legal arguments for the parties. *Duehning v. Aurora E. Unified School Dist. 131*, No. 13 C 5617, 2015 WL 500876, at *3 (N.D. Ill. 2015) (a court is not required to conduct legal research and construct arguments for a represented party); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (Judges are not "like pigs, hunting for truffles buried in briefs").

*Porter v. Decatur Memorial Hospital*, 882 N.E.2d 583 (Ill. 2008), involved a similar situation in which a plaintiff sought to amend the complaint by adding new facts and an additional defendant. The original complaint was against the plaintiff's treating physician. Plaintiff later joined the hospital, and later still, sought to add a negligence claim against the treating radiologist. *Id*. at 586. The hospital objected to the proposed amendment, arguing that the new negligence claim was barred by the two-year statute of limitations. *Id*. at 587. The Court rejected the argument, stating "[t]he purposes of the relation-back doctrine of section 2-616(b) is to preserve causes of action against loss by reason of technical default unrelated to the merits. Courts should therefore liberally construe the requirements of section 2-616(b) to allow resolution of litigation on the merits and to avoid elevating question of form over substance." *Id*. at 589-90. The Illinois Supreme Court then adopted the "sufficiently close relationship test," pursuant to which, if "there is a 'sufficiently close relationship' between the original and new claims, both in temporal proximity and the general character of sets of factual allegations and where the facts are all part of the events leading up to the originally alleged injury," relation back will apply. *Id*. at 592. The court thus concluded that the proposed amendment satisfied the test and should have been allowed. *Id*.; *see also White*, 2016 WL 4270152, at *14 (new allegations regarding a negligent supervision claim had a "sufficiently close relationship" to the plaintiff's original excessive force claim such that relation back was appropriate); *Buie v. Stephen Woolway*, No. 98 C 2554, 2000 WL 528645, at * (N.D. Ill. Mar. 27, 2000) (new

7

allegations regarding products liability and negligent rental related back to plaintiff's original claims regarding negligent driving after a vehicle accident).

Here, Aim argues that Counts III, IV, and V are time-barred because the conduct at issue—the hiring, entrustment, and retention of Sackmaster—does not have a sufficiently close relationship with the original negligence claims. Aim further argues that Counts I and II only involve Sackmaster's driving on the day of the accident, whereas Counts III, IV, and V involve Sackmaster's medical and employment history.

The Court disagrees with Aim's arguments and finds that there is a "sufficiently close relationship" between Plaintiff's original negligence claim and his new willful and wanton hiring, entrustment, and retention claims, both in temporal proximity and in the general character of the factual allegations applicable to both. Moreover, the facts applicable to Plaintiff's employment claims are part of the events leading up to the incident in which Plaintiff was injured by Sackmaster's negligent driving. As evidenced by *Porter*, Aim's overly technical argument that Plaintiff's employment claims are separate and distinct from his original negligence claims does not pass muster under Illinois' relation-back jurisprudence.[4] Aim's statute of limitations argument must therefore be rejected.[5]

---

[4] Furthermore, it is unrealistic to expect Plaintiff to bring counts relating to the employment relationship before meaningful discovery. It was only after discovery in late 2018 that Plaintiff discovered Sackmaster's drug abuse, previous accidents, poor performance evaluations, firing and re-hiring by Aim, and that Sackmaster had previously "blacked out" behind the wheel. (Dkt. 154, 11); *see Dual-Temp of Ill., Inc. v. Hench Control Corp.*, No. 9 C 595, 2009 U.S. Dist. LEXIS 89088, at *17 (N.D. Ill. Sep. 28, 2009) (citing *United States ex. rel Robinson v. Northrop Corp.*, 149 F.R.D. 142, 145-46 (N.D. Ill. 1993) (plaintiffs are "not obligated to plead specific facts when those facts are 'peculiarly within the defendant's knowledge and control'").

[5] Having determined that relation back under Rule 15(c)(1)(A) saves Plaintiff's claims, the Court declines to address Plaintiff's arguments regarding equitable tolling. (Dkt. 154).

8

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (Dkt. 123) is denied.

E N T E R:

Dated: September 8, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

9